IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:25-CV-00417-M-KS

| | |
|---|---|
| WILLIAM H. HOLLAND and KATHLEEN HOLLAND, individually, and as parents and next friends of J.D.H., J.R.H., and J.H.H., <br><br> Plaintiffs, <br><br> v. <br><br> NEW HANOVER COUNTY; NEW HANOVER COUNTY DEPARTMENT OF SOCIAL SERVICES; NEW HANOVER COUNTY HEALTH AND HUMAN SERVICES; TONYA JACKSON, in both her individual and official capacities as Director of New Hanover County DSS; DONNA FAYKO, in both her individual and official capacities as Health and Human Services Director of New Hanover County; MONA LEIPOLD, in both her individual and official capacities as attorney for New Hanover County DSS; and MARY BETH RUBRIGHT, in both her individual and official capacities as Assistant Director of Social Work for New Hanover County DSS, <br><br> Defendants. | ORDER |

  This matter comes before the court on Defendant New Hanover County's Motion to Seal Exhibits to Plaintiffs' First Amended Complaint. DE 11, 12. Defendant seeks to restrict from public access copies of documents concerning juvenile adjudication petitions and medical records that could reveal the identities of the minor plaintiffs, which are attached to the amended pleading. *See* DE 10. The court notes that the Amended Complaint, as well as the original Complaint, are

filed on the docket at DE 1-3 and 1-4, and are not filed under seal. Pursuant to Local Civil Rule 79.2, the court finds that the records filed at DE 10 contain confidential information that should be sealed.

Accordingly, Defendant's Motion to Seal [DE 11] is GRANTED.[1] The Clerk of the Court shall maintain under seal the documents located at DE 10 until further order of the court.

SO ORDERED this 14th day of March, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court requires that "[b]efore filing a motion, the movant must confer with the opposing party regarding the relief requested and must note in the motion the movant's efforts to confer and the opposing party's position on the requested relief (i.e., opposed, unopposed, none)." REM Prac. Prefs. & Procs. § I.A. Although Defendant does not state its efforts to confer nor the Plaintiffs' position, the court finds the request favors Plaintiffs (who originally sought to have the exhibits sealed in state court) and, thus, assumes in this instance that Plaintiffs are not opposed. The court reminds the parties that any future failures to comply will be subject to denial without prejudice.